Bart H. Williams (SBN 134009)
Jennifer L. Jones (SBN 284624)
PROSKAUER ROSE LLP
2029 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: (310) 557-2900
Facsimile: (310) 557-2193
bwilliams@proskauer.com
jljones@proskauer.com

Baldassare Vinti*
Jeffrey H. Warshafsky*
PROSKAUER ROSE LLP
11 Times Square
New York, NY 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
bvinti@proskauer.com
jwarshafsky@proskauer.com

*Admitted *Pro Hac Vice*

Attorneys for
Church & Dwight Co., Inc.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| VENUS YAMASAKI, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ZICAM, LLC and MATRIXX INITIATIVES, INC.,<br><br>Defendants. | Case No. 4:21-cv-02596-HSG<br><br>**CHURCH & DWIGHT CO., INC.'S NOTICE OF MOTION AND MOTION TO STAY DISCOVERY PENDING RESOLUTION OF ITS MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: August 19, 2021<br>Time: 2:00 PM<br>Courtroom: 2, 4th Floor<br>Before: Hon. Haywood S. Gilliam, Jr. |

# NOTICE OF MOTION AND MOTION TO STAY

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on August 19, 2021 at 2:00 p.m., or as soon thereafter as the motion may be heard in the courtroom of the Honorable Haywood S. Gilliam, Jr., Courtroom 2, located on the 4th Floor of 1301 Clay Street, Oakland, CA 94612, Church & Dwight Co., Inc. hereby moves pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the Court's discretion to stay discovery pending resolution of Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) (the "Motion to Dismiss").

The motion is based on this Notice and Motion, the attached Memorandum of Points and Authorities, the Amended Complaint, the Motion to Dismiss, and other pleadings on file in this matter, and upon such argument as the Court may allow and other matters as the Court deems proper.

The motion is made on the following grounds:

1. Plaintiff's Amended Complaint is likely to be dismissed in its entirety based on the legal grounds presented in Defendant's concurrently-filed Motion to Dismiss. Indeed, Defendant's Motion to Dismiss is grounded in precedent of the Ninth Circuit and this Court which precludes a plaintiff from bringing a case based on a lack-of-substantiation theory.

2. Accordingly, the Court should stay discovery pending resolution of the Motion to Dismiss pursuant to *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) ("[A] district court may . . . stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief.").

| | | |
|---|---|---|
| 1 | DATED: July 14, 2021 | Respectfully Submitted, |
| 2 | | **PROSKAUER ROSE LLP** |
| 3 | | |
| 4 | | By:    */s/*   *Baldassare Vinti* |
| 5 | | Bart H. Williams (SBN 134009) |
| | | Jennifer L. Jones (SBN 284624) |
| 6 | | 2029 Century Park East, Suite 2400 |
| 7 | | Los Angeles, CA 90067 |
| | | Telephone: (310) 557-2900 |
| 8 | | Facsimile: (310) 557-2193 |
| | | bwilliams@proskauer.com |
| 9 | | jljones@proskauer.com |
| 10 | | Baldassare Vinti* |
| 11 | | Jeffrey H. Warshafsky* |
| | | 11 Times Square |
| 12 | | New York, NY 10036 |
| | | Telephone: (212) 969-3000 |
| 13 | | Facsimile: (212) 969-2900 |
| | | bvinti@proskauer.com |
| 14 | | jwarshafsky@proskauer.com |
| 15 | | *Admitted Pro Hac Vice |
| 16 | | |
| 17 | | *Attorneys for Church & Dwight Co., Inc.* |

Church & Dwight Co., Inc., the successor to Defendants Zicam LLC and Matrixx Initiatives, Inc., submits this Memorandum of Points and Authorities on behalf of all Defendants (collectively, "Zicam") in support of their motion to stay discovery pending resolution of Zicam's concurrently-filed Motion to Dismiss the Amended Complaint ("Motion to Dismiss").

## I. INTRODUCTION

As explained in detail in the Motion to Dismiss, Plaintiff filed this case empty-handed without even a single study involving the Zicam products at issue. Without any basis to plausibly allege falsity of the challenged advertising statement, Plaintiff's action is a classic impermissible lack-of-substantiation case. Plaintiff's theory is that Zicam lacks substantiation for its advertising statements that Zicam cold remedy products are "clinically proven" to shorten the common cold when taken at the first sign of a cold. But under Ninth Circuit precedent, as well as holdings from this Court, private litigants such as Plaintiff cannot challenge advertising on this basis. For that reason and others, the Motion to Dismiss is not only dispositive of this case, but likely to be granted.

Absent a stay, Zicam would be forced to engage in costly discovery concerning Plaintiff's implausible claim regarding the lack of scientific support for Zicam's advertising. But Plaintiff is not entitled to come to this Court empty-handed, with no plausible allegations that Zicam's advertising is false and embark on an expansive and costly discovery journey. On top of that, Plaintiff has now served initial disclosures making clear she intends to seek sprawling discovery not just from Zicam but also from minority, passive investors in Church & Dwight, like BlackRock, Inc. and The Vanguard Group, Inc., who have nothing to do with this case. This "undue harassment" is *precisely* what California sought to prevent by prohibiting private litigants from bringing lack-of-substantiation claims. *Nat'l Council Against Health Fraud, Inc. v. King Bio Pharms., Inc.*, 107 Cal. App. 4th 1336, 1345 (2003).

On the other hand, Plaintiff will suffer no prejudice from a stay. Plaintiff's own actions evince this: She waited two years to sue Zicam after buying Zicam Nasal Spray, and *her own proposed* case schedule contemplates class certification-related discovery lasting over a year

(and then even more discovery on the merits). Plus, she lacks standing to seek injunctive relief because there is no risk of her being deceived by Zicam's advertising in the future. Thus, Plaintiff cannot realistically argue that a short stay while the Motion to Dismiss is pending will cause her any harm. Zicam therefore urges the Court to exercise its discretion to stay discovery pending resolution of the Motion to Dismiss.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff bought Zicam Nasal Spray from a California drugstore "in or around 2019," supposedly relying on Zicam's advertising statement that the product is "clinically proven" to shorten colds when taken at the first sign of a cold. Amended Complaint ("AC") ¶ 41. She does not allege the product failed to work when she used it, but for some reason chose to sue Zicam for false advertising two years or so after her purchase.

In her original Complaint, Plaintiff alleged that Zicam's "clinically proven" statement is "solely based" on a study that does not support this advertising claim. But as Plaintiff now knows, Zicam does not rely on that study (which involved no Zicam products). Zicam still has no idea why Plaintiff alleged otherwise. After learning of this error (and others) in her original Complaint, Plaintiff requested to amend her pleading, and Zicam stipulated to her request. Dkt. 25.

In her Amended Complaint, Plaintiff retracted her erroneous allegation that Zicam's "sole" support for its "clinically proven" statement was the aforementioned irrelevant study. But Plaintiff wrongly maintains that Zicam's advertising is unsubstantiated because "Defendants fail to disclose any valid clinical testing citations or results on the Product packaging, their websites, and in marketing and advertising." AC ¶ 36. According to Plaintiff, "[t]he only logical conclusion" from that fact "is that the Zicam Products are not clinically proven to shorten colds." *Id.* Zicam's Motion to Dismiss explains why that "logic" is faulty.

Zicam's counsel has informed Plaintiff's counsel, during multiple meet-and-confer calls, that the challenged "clinically proven" statements are supported by *proprietary* clinical studies. Zicam's counsel also explained that because this is an improper lack-of-substantiation case,

discovery should be stayed pending the Motion to Dismiss. Nevertheless, Plaintiff insisted on pressing forward with discovery.

In the parties' Joint Case Management Statement ("CMC"), the parties agreed that discovery should not proceed on issues relating to the merits of this case until the Court rules on Plaintiff's hypothetical motion for class certification. Dkt. 35 at 10–11. As the parties jointly stated, "setting any other dates at this time is premature." *Id.* at 11. For that very reason, Zicam similarly proposed in the CMC that *all* discovery be stayed pending its Motion to Dismiss, and proposed deadlines keyed to the timing of the Court's ruling on the Motion to Dismiss. *Id.* at 7, 10–11. For her part, Plaintiff proposed a discovery schedule under which class certification-related discovery would take longer than a year. *Id.* at 10–11. After that, as noted, even more discovery would need to occur on merits issues. *Id.* at 11. Thus, as Plaintiff's own proposed case schedule reflects, she will suffer no prejudice in waiting until the Court rules on the Motion to Dismiss.

On the other hand, beginning discovery now would be wasteful and expensive. As the Court knows, advertising class actions are extremely expensive to litigate. For example, in *Hendricks v. Starkist Co.*, 2016 WL 5462423 (N.D. Cal. Sept. 29, 2016) (Gilliam, J.), the Court awarded plaintiff's counsel $3.4 million in attorneys' fees when the parties settled prior to the hearing on plaintiff's motion for class certification. And in *Schneider v. Chipotle Mexican Grill, Inc.*, 336 F.R.D. 588 (N.D. Cal. Nov. 4, 2020) (Gilliam, J.), the Court awarded plaintiffs' counsel nearly $2 million in attorneys' fees. The defendants in those cases also incurred substantial legal costs, of course.[1] Despite this case being meritless, it may be even more expensive to litigate (if the case proceeds past the pleading stage, which it should not) because discovery would involve scientific issues beyond those typically adjudicated in a class action. *See generally* AC & CMC. In addition, class certification discovery will necessitate retaining experts at substantial cost.

---

[1] In those cases, the plaintiffs alleged the defendants' advertising was affirmatively false, not merely unsubstantiated.

1  Thus, absent a stay, Zicam will be forced to expend significant time and money on discovery to
2  defend against Plaintiff's unsupported and baseless allegations.

3  **III.    ARGUMENT**

4  Under Rule 26(c), "[t]he district court has wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "Good cause for staying discovery may exist when the district court is 'convinced that the plaintiff will be unable to state a claim for relief.'" *In re Nexus 6P Prods. Liab. Litig.*, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017) (quoting *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002)). Courts in this District take a "preliminary peek" at the underlying dispositive motion, and may stay discovery if the motion (1) is potentially dispositive, and (2) does not raise issues requiring discovery. *See, e.g.*, *id.* at *2–3 (granting motion to stay where "Defendants ha[d] satisfied their burden to obtain a limited stay of discovery" as each defendant presented potentially dispositive arguments for dismissal and discovery was not necessary to rule on their motions); *Carter v. Oath Holdings, Inc.*, 2018 WL 3067985, at *4 (N.D. Cal. June 21, 2018), *aff'd* 788 Fed. App'x. 436 (9th Cir. 2019) (same).

### A.    Zicam's Motion to Dismiss Is Case Dispositive

Zicam's Motion to Dismiss seeks to dismiss Plaintiff's entire case. A "peek" at just some of the arguments the motion raises highlights the incurable futility of Plaintiff's claims and demonstrates that a discovery stay is more than justified.

Plaintiff's basis for challenging Zicam's "clinically proven" statement is that "there is no scientific support for the Claim that the Zicam Products are 'clinically proven to shorten colds.'" AC ¶ 55. However, not only is this unsupported assertion wrong, it is "precisely the sort of allegation that the Ninth Circuit recently rejected as being impermissibly premised on a lack-of-substantiation theory." *Tubbs v. AdvoCare Int'l, LP*, 2017 WL 4022397, at *6 (C.D. Cal. Sept. 12, 2017) (dismissing amended complaint alleging "there is no genuine scientific research or scientifically reliable studies in existence that support" the defendant's advertising); *see also Kwan v. Sanmedica Int'l*, 854 F.3d 1088, 1097–98 (9th Cir. 2017). Plaintiff's efforts to evade *King Bio* and *Kwan* fail, as the Motion to Dismiss explains. At bottom, this case is no different

4

from two cases in which this Court rejected improper lack-of-substantiation claims. *See Aloudi v. Intramedic Rsch. Grp., LLC*, 2015 WL 4148381 (N.D. Cal. July 9, 2015) (Gilliam Jr., J.); *Racies v. Quincy Bioscience, LLC*, 2015 WL 2398268 (N.D. Cal. May 29, 2015) (Gilliam Jr., J.). As a result, the Motion to Dismiss is not only "potentially dispositive" of this case, but likely to be granted in full.

Even if the Court granted the Motion to Dismiss only in part, the scope of discovery would still be substantially narrowed. As explained in the Motion to Dismiss, Plaintiff bought Zicam Nasal Spray, yet seeks to represent a class of consumers who purchased a suite of other Zicam products with completely different active ingredients and different routes of administration. In fact, Plaintiff concedes in her Amended Complaint that Zicam's zinc-containing products are materially different from the plant-based nasal spray she bought, which does not contain zinc. AC ¶ 11. Because Plaintiff lacks Article III standing to sue for different Zicam products she never purchased, this case should, at a minimum, be narrowed to exclude those products. *See, e.g.*, *Padilla v. Whitewave Food Co.*, 2019 WL 4640399, at *9–10 (C.D. Cal. July 26, 2019) (dismissing claims for products plaintiff did not buy because, among other things, the complaint did not allege "similarities as to the composition of the Products"). Thus, staying discovery is warranted to avoid unnecessary discovery on irrelevant products, even if the Court does not dismiss this case in its entirety, as it should.

### B. No Discovery Is Necessary to Decide the Motion to Dismiss

Zicam's Motion to Dismiss can be resolved without discovery because it challenges the legal sufficiency of Plaintiff's allegations in the Amended Complaint on their face. Plaintiff is not entitled to discovery that she believes (wrongly) would bolster those allegations after failing to state a claim for relief in the first place. *See Carter*, 2018 WL 3067985, at *4 (finding good cause to stay discovery "until Plaintiff's allegations are adequately pled"); *Song Fi, Inc. v. Google, Inc.*, 2016 WL 9185325, at *1 (N.D. Cal. Apr. 27, 2016) (staying discovery until "a claim survives" defendants' motion to dismiss).

**C.  Plaintiff Would Not Be Unduly Prejudiced by the Proposed Stay, While a Stay Would Avoid Incurring Wasteful Discovery Costs**

As discussed above, the two relevant stay factors are fulfilled here, affording the Court the discretion to grant the stay.  The Court should exercise that discretion because a stay is "in the interest of judicial efficiency and conserving the Court's resources," *Cellwitch, Inc. v. Tile, Inc.*, 2019 WL 5394848, at *2 (N.D. Cal. Oct. 22, 2019), as well as the parties' resources.  *See also Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) ("Staying discovery when a court is convinced that the plaintiff will be unable to state a claim for relief further the goal of efficiency for the court and the litigants.").

There is no reason a short stay would prejudice Plaintiff.  She waited *two years* after buying Zicam Nasal Spray to sue Zicam on an improper lack-of-substantiation theory.  Further, Plaintiff herself proposed a case schedule in which discovery on class certification issues alone would last more than a year.  After that, if class certification were to be granted, there would be even more discovery on the merits.  And Plaintiff's bid for injunctive relief is baseless because, as the Motion to Dismiss explains, she is not at risk of being deceived again by Zicam's alleged false advertising.  *Rahman v. Mott's LLP*, 2018 WL 4585024, at *3 (N.D. Cal. Sept. 25, 2018) ("Unlike *Davidson*, where a consumer's inability to rely on packaging misrepresentations in the future was an ongoing injury, Rahman is able to rely on the packaging now that he understands the 'No Sugar Added' label.").  As a result, Plaintiff cannot credibly argue that a short stay in the interim would prejudice her or her case.

On the other hand, if the Court denies the requested stay, Plaintiff would propound discovery requests that would require Zicam to incur significant costs.  Plaintiff's expansive view of the scope of discovery in this case is evidenced by her recently-served initial disclosures, which identify BlackRock, Inc. and The Vanguard Group, Inc. (who are minority, passive investors in Church & Dwight) as potentially having "knowledge of the fact that the Products are not clinically proven to impact the duration of the common cold."

That is precisely what California sought to prevent by barring lack-of-substantiation claims by private litigants. As the Court explained in *King Bio*, the legislature wanted to prevent "undue harassment" of companies by private litigants who come to court with no basis to allege the defendant's advertising is affirmatively false. *King Bio*, 107 Cal. App. 4th at 1345. The legislature also chose to limit lack-of-substantiation prosecutions to authorities because California Cal. Bus. Prof. Code § 17508(c) directs them to protect companies' trade secrets, while "[n]o such restriction would be applicable to private plaintiffs prosecuting false advertising actions were we to shift the burden of production to defendants." *Id.*

In sum, this is the quintessential case where a discovery stay is warranted. If discovery were allowed to proceed, it would encourage more baseless lack-of-substantiation claims by plaintiffs fishing for discovery. But it is well-established that "[d]iscovery allows parties to… develop the facts underlying their claims and defenses" and "is not a vehicle for uncovering the claims themselves." *McFarland v. Memorex Corp.*, 493 F. Supp. 631, 639 (N.D. Cal. Feb. 12, 1980). Thus, the Court should not "condone the use of discovery to engage in 'fishing expedition[s]' where, like here, it is obvious that [plaintiff] has no basis other than gross speculation to claim that [defendant] is misrepresenting" its studies. *Webb v. Trader Joe's Company*, 999 F.3d 1196, 1204 (9th Cir. 2021). Instead, the Court should reject Plaintiff's attempt to circumvent Ninth Circuit law and should grant Zicam's requested stay.

## IV.  CONCLUSION

For the reasons set forth above, Zicam respectfully ask the Court to stay discovery pending resolution of Zicam's Motion to Dismiss.

DATED: July 14, 2021

Respectfully Submitted,

**PROSKAUER ROSE LLP**

By:     */s/  Baldassare Vinti*

Bart H. Williams (SBN 134009)

Jennifer L. Jones (SBN 284624)
2029 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: (310) 557-2900
Facsimile: (310) 557-2193
bwilliams@proskauer.com
jljones@proskauer.com

Baldassare Vinti*
Jeffrey H. Warshafsky*
11 Times Square
New York, NY 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
bvinti@proskauer.com
jwarshafsky@proskauer.com

*Admitted Pro Hac Vice

*Attorneys for Church & Dwight Co., Inc.*

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Federal Rule of Civil Procedure 26(c)(1), that Church & Dwight Co., Inc. has in good faith conferred with opposing counsel in an effort to resolve this dispute without court action.

*/s/ Baldassare Vinti*
Baldassare Vinti