UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VENUS YAMASAKI,<br><br>        Plaintiff,<br><br>v.<br><br>ZICAM LLC, et al.,<br><br>        Defendants. | Case No. 21-cv-02596-HSG<br><br>**ORDER GRANTING MOTION TO STAY DISCOVERY**<br><br>Re: Dkt. No. 38 |

Pending before the Court is the motion to stay discovery filed by Church & Dwight Co., Inc., the successor to Defendants Zicam LLC and Matrixx Initiatives, Inc. ("Defendant"). *See* Dkt. No. 38. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS** the motion.

## I. BACKGROUND

Plaintiff Venus Yamasaki filed this putative class action on April 9, 2021, against Defendant, alleging that it engaged in fraudulent, unfair, deceptive and misleading advertising relating to several of its Zicam cold remedy products. *See* Dkt. No. 1. Plaintiff then filed an amended complaint on June 10, 2021. *See* Dkt. No. 30 ("FAC"). Plaintiff alleges that each of the challenged products are advertised and marketed as "clinically proven to shorten colds." *Id.* at ¶¶ 2–13. Plaintiff further alleges that she purchased Zicam Nasal Spray from a California drugstore in approximately 2019 based on these representations. *See id.* at ¶ 41. However, Plaintiff contends that the products have *not* been clinically proven to impact the duration of the common cold, and there is not adequate scientific evidence to support this assertion. *Id.* at ¶¶ 9–10, 41. Plaintiff also asserts that recent studies indicate that over-the-counter cold remedies that

contain zinc do not actually shorten the duration of the common cold. *See id.* at ¶ 37. On the basis of these allegations, Plaintiff brings causes of action for violations of California's Unfair Competition Law ("UCL"), False Advertising Law ("FAL"), and Consumer Legal Remedies Act ("CLRA"), as well as for breach of warranty. *Id.* at ¶¶ 80–136. Plaintiff also seeks to represent a class of California consumers for seven different Zicam products. *Id.* at ¶¶ 67–68.

On July 14, 2021, Defendant filed a motion to dismiss the first amended complaint. *See* Dkt. No. 37. Briefing on the motion will be complete on September 1, 2021, and the hearing is set for October 7, 2021. *See* Dkt. No. 43. In the interim, Defendant seeks a stay of all discovery pending the resolution of the motion to dismiss. *See* Dkt. No. 38.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure do not provide for an automatic stay of discovery when a potentially dispositive motion is pending. Nevertheless, a "district court has wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Under Federal Rule of Civil Procedure 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c). Good cause may exist where, for example, the court "is convinced that the plaintiff will be unable to state a claim for relief." *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002). Courts in this district have applied a two-prong test to determine whether a stay of discovery is appropriate. *See In re Nexus 6p Prod. Liab. Litig.*, No. 17-CV-02185-BLF, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017) (collecting cases). *First*, the moving party must demonstrate that the pending motion is "potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *Id. Second*, "the court must determine whether the pending motion can be decided absent discovery." *Id.* "In applying the two-factor test, the court deciding the motion to stay must take a 'preliminary peek' at the merits of the pending dispositive motion to assess whether a stay is warranted." *See Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 503 (D. Nev. 2013).

## III. DISCUSSION

Having taken a "preliminary peek" at the merits of the underlying motion to dismiss, the

2

Court finds that there is good cause under Rule 26(c) to temporarily stay discovery in this case. *See Ministerio*, 288 F.R.D. at 503. Defendant's motion to dismiss presents strong arguments that Plaintiff's causes of action are improper non-substantiation claims (*i.e.*, claims that Defendant lacks substantiation for its "clinically proven" statements).

It is well settled that private litigants may not bring claims based on an alleged lack of substantiation. *See Nat'l Council Against Health Fraud Inc. v. King Bio Pharms. Inc.*, 107 Cal. App. 4th 1336, 1345 (Cal. Ct. App. 2003) ("Private plaintiffs are not authorized to demand substantiation for advertising claims."); *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1095 (9th Cir. 2017) (collecting cases). But throughout the amended complaint, Plaintiff contends that the "Zicam Products have never been clinically tested to determine whether they impact the duration of the common cold, and that there is no scientific support for the claim that the Zicam Products are 'clinically proven to shorten colds.'" *See, e.g.*, FAC at ¶¶ 55, 58, 61, 64, 66, 126–127, 133. To the extent that Plaintiff intends to argue that the "clinically proven" statements are nevertheless false (and not just unsubstantiated), Plaintiff does not identify any studies in which Defendant's products were evaluated. These issues could prove difficult for Plaintiff to overcome, even with leave to amend. Thus, the Court finds that Defendant's motion to dismiss could be potentially dispositive. Staying discovery could therefore prevent the investment of unnecessary time and expense.

The Court also notes that the pending motion to dismiss will be fully briefed next month, and can be decided without additional discovery. There is therefore minimal risk of prejudice to either party. The Court finds in its discretion that both party and judicial resources will be most efficiently used if discovery is stayed until the Court decides the pending motion to dismiss.[1]

//
//
//

---

[1] Once the motion to dismiss is fully briefed and argued, the Court may reconsider whether the discovery stay should continue through the resolution of the motion to dismiss, or whether some alternative approach is warranted under the circumstances.

3

**IV.   CONCLUSION**

Accordingly, the Court **GRANTS** the motion and **STAYS** all discovery pending resolution of Defendant's motion to dismiss.

**IT IS SO ORDERED.**

Dated: 8/19/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge